If it pleases the Court, my name is H. Lewis Serkin. I'm from Cincinnati, Ohio, and I'm proud to be here before the Court. Welcome. Your Honor, what I'd like to do to begin with is to tell what this Court is not about, this case is not about. This case is not about sex trafficking. It is not about the use of minors in any type of way for sexually explicit material or for sexual acts. This is about adults and consenting adults who voluntarily want to engage in an occupation that would be sex for hire. And we believe that under the principles that were announced in Lawrence v. Texas, that such right has been granted. An individual's right to make a choice in intimate sexual conduct is left by the liberty interest provided by the Constitution and substantive due process. But you're essentially asking us to deem a statute unconstitutional. So we have to look at what, you know, we have to consider the justifications that the government puts forward and what the standard of review is, right? Correct. Okay. I'd like the Court to realize that I believe that this is a facial attack. It's not we are attacking the use of the law, not how it is applied or how it's used by the judges to make their own individual choices of how they want to behave. Are you relying on the reading of Lawrence that Witt gave? Yes. How can you do that? Witt was an as-applied. Well, it's also And they said they were as-applied and not a facial challenge. It was ultimately held as an applied challenge. But they took it now, but the Court denied. The Court took it at least initially on the basis of a substantive due process claim, and it was done and had to be on a facial. The original district court in that case held that on a facial attack, it was unconstitutional. Does it make any difference in this case? Or they held it was constitutional. I think it does. I think that the level of scrutiny in this case is I believe it's a fundamental right, and I believe it was strict scrutiny, and I think that Let me get to your question, your issue on fundamental right. What is the fundamental right? The sex conduct or the personal relationship which arises from the sex conduct? I believe it is the conduct. Then why do we have in Lawrence the repeated language about a personal relationship that if denied would demean the lives and claim of the individual, a relationship that causes a personal bond that is more enduring? If you apply it that way, Your Honor, I would claim that that would then mean that before all the laws that have come along that have said that consensual adult sexual conduct that is voluntary and, again, consensual, is permissible, we've gone the whole thing. It doesn't mean that it falls under Lawrence, because then we've got our precedent, which was obviously preceded Lawrence, but IDK v. Clark County, in which we held that the relationship between a prostitute and a client, quote, possesses few if any of the aspects of an intimate association. And so if you read Lawrence to talk about the relationship and the intimate association But if you talk about the relationship, at what point in a relationship does one then have the right to make the decision to engage in the sexual conduct? Is it, you know, is it the fifth date, is it the sixth date, or the fourth date? What the Court is ultimately saying, I believe that the intimate contact in the relationship is the two people engaging in the sexual conduct. That is an intimate act. And that, I think, is an intimate relationship that people have the choice to make. And if they make that choice and somebody puts a dollar amount to it, it should not alter the right of people to make this choice. And I think But that included in that group of people would be if, say, the hypothetical where the person chooses to have the, quote, unquote, intimate relationship serially, and so it's not the first, the second, or the fourth date or whatever. It's just a string of people that are engaging in prostitution. I'm not trying to, I'm just sort of taking it hypothetically. I'm not trying to sound like the moral majority here, but the Let's take away the idea that there's any pay for that. If people indiscriminately go from person to person to person, that's not a crime. And so, and you know, and so that's a decision that they've made, is to the personal activity that they want to participate in that intimate conduct. And I think that you can't But see, then you're going to have to get into what the government's going to justify, that they're going to say that prostitution, as opposed to being just involved in a series of sexual liaisons, the thing with prostitution is they're going to say that's not a victimless crime because it involves sex trafficking. It involves, it involves pimps. It involves people using drugs and doing this for, and you know, and honestly, people that have done criminal law, which I've done a lot of in my day, that it's not, a lot of their relationships aren't really what you're describing if you go look, that they're people that are addicted to drugs that are out supporting their drug habit. There are laws that deal with that. There are the sex trafficking laws. There's sexual exploitation that is a law, has very serious penalties to it. There's non-consensual where you drug somebody to participate in it. You don't have to take away the right of somebody, and I'm talking about people, my clients are people who have voluntarily, of their own free will, have decided and have chosen that this is a way that I can make a living. I'm perfectly happy with it. It is my choice, and I want to do this. I'm not talking about the exploited. That's why I'm saying this case is not about the person who has the pimp, who, you know, who drugs them, who beats them and does all these terrible things. It's not the serial rapist. The serial rapist is still out there. He can still do it. He can find people that will consensually without any money because he's not really interested in that. But to reach your group of people that you're describing, we have to strike down the statute, right? That's correct. And do you also agree that there are no allegations in your complaint that any of your clients or the people who want to traffic with your clients have any of the personal relationships or enduring bonds which Lawrence mentions? I think I agree that they do not. They have at least at the momentary moment that they meet and they greet and they introduce themselves and they decide to go to it. They ultimately then at that point reach a personal intimate relationship. But your, I think your case would include an intimate relationship as an intimate relationship, totally anonymous sex, masked sex of the type we saw in the movie Eyes Wide Shut. Or Happy Hooker. But I mean. So they wouldn't even know who they were. They wouldn't have any exchange of names. They wouldn't have an ability to recognize the person conducting the sex by their face. And that they would still have a right to a constitutional fundamental right, substantive due process, based under Glucksberg, under the history of the United States, to do this. The history of the United States at one point, I mean, seriously, we had brothels and we had prostitution. They didn't go at the conduct, the conduct of the sexual act. They went at some of the conduct that may have led to it, like vacancy or disorderly conduct or what was displayed in a public arena. So your answer would be yes, anonymous sex would, if it is a constitutional substantive due process right. I stand here and say to this Court that I believe there is a liberty interest to make, that people have the right to make their choice. The only reason to prohibit it is really to base it on morality. That it's, we feel that it's against good conduct. Well, I think basically the way I would look at the case if I were in, from your perspective, is to say, okay, Lawrence v. Texas is our best case. And although I think Justice Kennedy did not address this issue. So, you know, I look at my job from if I, if that, if we're under the guise of that, okay, what would Justice Kennedy say? Let's assume that this case would go all through the system. I'm channeling, would Justice Kennedy say that that's what he was talking about on Lawrence v. Texas? I believe that if I had the opportunity to argue that point before Justice Kennedy, he would agree with me. And I would submit to this Court that Justice Kennedy agreed with me in Ashcroft v. Free Speech. He wrote that opinion. And I think that when you look at it and you take it and you strip it away from the issue of morality, I think that people have the right in this country, under our Constitution, to act this way. And to make a living this way. I'm not saying that it should be just blatantly out there and whatever. And that the legislative branches can deal with whatever, you know, design regulations if they believe that they're in order after public hearings. I thought Justice Kennedy said this case did not involve prostitution. He says that it doesn't because it didn't. I mean, but you can expand it. Look, liberty interests take a long time to develop. That was the lead-in to the rest of my question. And, OK, if that case didn't involve prostitution, we had a case in the Ninth Circuit that did, IDK. So doesn't that control? I think that IDK, first of all, occurred before Lawrence. And I think that we can infer. Lawrence didn't involve prosecution. And IDK is there. Doesn't it control? Lawrence did not, the case before Lawrence did not specifically say the words, you know, this deals with prostitution. I think that was dicta. It dealt completely upon the sexual activity that occurred between the two men. There was no evidence of a relationship in that case. There was none. I guess I was asking you a different question. I'm asking you, if Lawrence doesn't control, does IDK control? I don't think IDK does because IDK is really premised and decided upon under Bowers versus Hardwick. And I think at that time, morality was a basis. And I think that that was ultimately the way they viewed it. Well, there's two ways to do this. I mean, you can say there's circuit law and we follow circuit law until the Supreme Court tells us don't follow circuit law. And I'm telling you, get out of IDK for me. I thought I just did, Your Honor. But I also think, but I think Witt takes it out of IDK. Witt says that, you know, they say that it may not be an absolute fundamental right, but they say it's certainly not just subject to rational basis review. But again, Mr. Shurkin, in Witt, the only mention of sexual conduct at the beginning, page 809, is sexual conduct which did not take place on the Army base. What Witt says, it starts off, the Witt was committed, had a long-term relationship with another woman. They shared a home in Spokane. Doesn't that indicate that the substantive due process interest is not the sex act, but the relationship? I feel that what's indicated by Witt is that there is to the conduct, there's some protection. If you take it and you now go in hindsight and you look at Oberstfeld, and you look at Windsor, and taking, again, those are relationship things, but they're also predicated on activity between people, and it should not be judged as to. There's no question, I think we agree. There's no question that sexual conduct leads to a personal relationship. The question is, what is the interest which is fundamentally protected by substantive due process, the conduct or the relationship? I believe it's the conduct, Your Honor.  I do. I think that we have. What I'm trying to get you to say, point out, is some case or some statute, pardon me, some provision of the Constitution which says it is the conduct, it is not the relationship. I believe the substantive due process and the right to make freedom of choice under liberty is a protected interest in engaging in sexual activity, is a liberty interest that I have. I know what you believe. My question is, give me a case that said that. Well, liberty interests go piece by piece. And I think we're at this point in our society and our development that we can recognize that. What is it about the sexual act that gives it constitutional protection? Let me put you a case. Let me put you a case of a husband and wife in the privacy of their house, who played gin rummy for money stakes. Nothing could be more private than being with your spouse in your home playing cards. But if they're playing for money stakes, does that mean that the gambling statutes of the state cannot be enforced against them? I don't think that the right to gamble is a basic constitutional right. Why isn't it as much a basic constitutional right as personal interaction between two people in the privacy of their home, they're consenting adults? Why is that any different? Why should there be a hierarchy of constitutional protection for sex and not gin rummy? Because that is two people engaging in something that they want to, and in exchange, I think that sexuality is a part of human- Gin rummy is consensual. No, gin rummy, I don't think that there is the gamble, the basic underlying right to do that. Again, if you want to take to the privacy of their own home, that's not the law that we're challenging right now. And I just saved my five minutes for rebuttal. Thank you, Your Honor. Good morning. Good morning. May it please the court, Sharon O'Grady representing California Attorney General Javier Becerra and arguing on behalf of the appellees. We believe that IDK is controlling, that Lawrence was about relationships and not about the sexual act. IDK analyzed the relationship- Had any relationship whatsoever? My understanding of that case was that they pled no lo contendere and there were no facts at all on the evidence. But they were not charged, they were not charged with prostitution. No, they weren't, but the charging decisions are made by political appointees. My question is, was there any evidence that this was not just a one night stand? There is no evidence that I'm aware of. Do you think that California can prohibit one night stands? No, I don't. Why? Well, California doesn't have any law prohibiting one night stands. That was the question. If they had a statute prohibiting one night stands, would that violate the substantive due process of consenting Agiles? I think that that would certainly present a closer question. But the Supreme Court and Ninth Circuit jurisprudence is that at least in concept, what is protected is personal bonds of which sex can be a part. What differentiates prostitution is it's essentially a commercial transaction. Let me ask you a question that was asked in the reply brief. Why shouldn't it be illegal to sell something that is legal to give away? Because the legislature can make a choice. The legislature can say, you can't purchase sex because of all of the attendant evils that arise in the context of prostitution. Well, what about though Lawrence v. Texas, besides if you're claiming that it's the relationship and it's the intimate relationship, we've kind of gone over that. But Lawrence v. Texas involved a type of intimate association that was historically subject to moral disapproval. To what extent is the legislature's moral disapproval of prostitution probative of the statute's constitutionality under the due process clause? Well, in this particular case, the judge did not, the district judge did not rest his decision at all on moral disapproval. We did make the argument before the court, but the court found that moral disapproval, we had made a commodification argument that the commodification of sex, that the state had an interest in deterring that. But Judge White did not accept that. He relied on the other bases in support of the law, which is deterrence of trafficking, violence against women, use of illegal drugs, and the transmission of disease. Well, if we reverse and remand for application of a stricter or heightened scrutiny as to the statute, you'll be able to prove all that as a important governmental interest? We would if it was remanded, but I don't believe remand would be appropriate. I mean, the court in wit said that in the Lawrence v. Texas analysis, that a facial challenge was not appropriate and that it had to be an as-applied challenge to particular facts. And counsel has conceded that they have a facial challenge here. So there may be a case in which a facial, an as-applied challenge would be appropriate, but that is not this case. Is there any doubt as to, I mean, in wit,  because Colonel or Major Witt was an outstanding member of the Air Force, et cetera, has talked about. Here, there's no question that as-applied and facial don't have any substantial difference. That's right. These plaintiffs have not been challenged, have not been prosecuted for prosecution. So if they have no substantial difference between as-applied and facial, why don't we treat this under wit? Why don't we apply wit? Because with no particular facts and no specific threat of prosecution, you cannot go to Witt's analysis of the particular circumstances that arise out of the individual plaintiffs. All you have is a facial challenge. You're striking down the whole law. Right. But is there any doubt what the individual application of the law would be to the plaintiffs in this case? I mean, they want to engage in prostitution. There's no individual facts that have to be developed, are there? Well, there are all kinds of facts that can give rise in the context of prostitution. Streak prostitution versus brothel prostitution. Every transaction is different. But 647A doesn't distinguish between street prostitution and brothel prostitution. Or even internet prostitution. That's correct, Your Honor. It could be in your own home, right? I'm sorry. You can be convicted of 647B in your own home, right? You could hypothetically. You might then have an as-applied challenge, depending on the circumstances. But, yes, it is not restricted. I mean, it doesn't say it has to be in a public place or someplace other than your own home, right? That's correct, Your Honor. So if it's money for sex and it's at your house, that satisfies 647B? Under the language of the statute, yes. As I said, you might have an argument of an as-applied challenge if it's in the privacy of your home. But we don't have that scenario here. Well, so this case deals with individuals' right to, in the words of Lawrence v. Texas, quote, to decide how to conduct their private lives in matters pertaining to sex, unquote. That's what Lawrence says. At the time, was the latest in a series of Supreme Court decisions recognizing an individual's private liberty interest to sex, interest in various aspects of their sexual lives. So why is recognizing a private liberty interest to sex in exchange for money not a natural extension of the Supreme Court precedent? It isn't because of the commercial aspect. That the leap from presuming that two men in the privacy of one of their homes, giving them the benefit of the doubt that there exists a personal relationship is one thing. And where do you – but an easy place to draw the line is if you're simply buying sex. That is, under IDK, not an enduring relationship in any measure that, although the IDK case did – So you're arguing, Judge Rustani asked the question, said, okay, you're arguing that because Justice Kennedy said this doesn't involve prostitution, that IDK remains good law. We're in the Ninth Circuit and we have to follow IDK. Is that what you're saying or what – I'm just trying to get what your best argument is here. Yes, Your Honor. I do believe IDK remains good law. It hasn't been overruled by the U.S. Supreme Court. Indeed, the U.S. Supreme Court decision in FW-PBS v. City of Dallas, which involved restrictions on hotels that were rented by the hour, the Supreme Court in Lawrence did not purport to overrule that earlier precedent where they found that the bonds that – personal bonds that can be attained in a hotel room under 10 hours is not entitled to constitutional protection. So Lawrence didn't disturb its own precedent in FW-PBS, nor does it compel overturning IDK. And this Court more recently in Pickup v. Brown, again, focused on the relationship in that case between a psychoanalyst and a patient, but focusing on the relationship rather than the conduct is how this Court and the Supreme Court has analyzed the issue. Ms. O'Grady, I believe that – see if I got you right – that the commercial aspect of the sexual conduct eliminates a personal relationship. Is that what you're saying? Because if that is the situation, shouldn't that be an issue for trial? In other words, if the witnesses say, as a result of our commercial relationship, we can't be personal? That could arguably be an as-applied challenge if someone was arrested for having sex with someone whom they had a personal relationship with, even if the genesis of the relationship was a commercial transaction. But that's not a fact scenario we have here. This is a facial challenge. Well, but it is, because what you're saying is that if it's commercial, it can't be personal in all cases. I think it is probably – I would not go as far to say that there is no circumstance ever – You're saying friends don't pay each other, is essentially what you're saying. Good friends don't pay each other for sex. What if they became good friends because they were paid? Then, if they had an enduring personal relationship, at some point, you know, I think the Court would recognize that it's protected. But that's not what we have here. But if they were still paying each other, that still would violate 647B from your perspective. It would. The State can regulate commercial transactions. The State is not telling anyone who they can sleep with. But they are saying you cannot have a commercial transaction in which you are selling sex. I'm trying to ask people in all parts of the audience and in this area not to nod their heads or go this way when they agree or disagree. Okay? The Court's listening to arguments, and it's somewhat distracting when people – and I'm seeing more than one person do it. So please. I'm sorry, I interrupted your argument, but there were things going on behind you that were distracting me. Sorry. I just wanted to find my place in my notes. So it's our position that the statute needs to be reviewed under the deferential rational basis standard, that there is not a fundamental right to have a commercial transaction in which sex is the product being sold. And I don't – I understand that appellants don't actually challenge that the rational basis standard is met. But clearly, the State's interest in deterring trafficking, violence against women, and illegal drug use is well-recognized, and we cited cases for the proposition that the State has an interest in that. The argument that they have presented that it is sufficient that you have targeted laws for – that sex trafficking is illegal, for example, doesn't provide the deterrence, and the fact that the link between prostitution means that if prostitution is legal, you're reduced to punishing the crime that's already been committed rather than deterring its occurrence. But all those points could be made under a heightened scrutiny case, right? Well, and I believe we would satisfy heightened scrutiny.  So you don't – are you suggesting that we reverse? No, Your Honor. All right. You're not even suggesting that we affirm on other grounds. I don't – I think that – I think IDK is controlling and that the standard is rational basis, but if the court disagreed and decided heightened scrutiny was appropriate, I still believe affirmance is appropriate. Because as a matter of law, we could find that it passes heightened scrutiny? I believe that the well-recognized case law that links and finds that deterring violence against women, deterring illegal drug use, deterring the transmission of disease, and deterring trafficking would be sufficient. Shouldn't that decision be made in the first instance by the district court? I don't think it's necessary to remand for that purpose, but – But on a heightened scrutiny standard, the parties introduce evidence of what is or what is not of substantial governmental interest and whether it's narrowly tailored and whether other means can be used to achieve – all of that has to be gone into a trial court, doesn't it? I – And certainly on this record, which is a First Amendment complaint, how can we make those determinations? Well, both – the record before this court does include voluminous reports on the impact of prostitution on various ills in society. And are there any credibility determinations to be made as to that evidence? There doesn't have to be a perfect match between a law and the evil that it is seeking. It's very important, I think, that legislatures be able to try to address and be given leeway to address these issues. And actually, the California legislature has done that with the recent amendments to Section 647B, which has now decriminalized prostitution on the part of minors and treating them as victims. So the idea that the court is going to strike down a law that will – instead of allowing the legislature – and legislatures come to different conclusions around the world of what is the best way to address the evils that arise from prostitution. But that is something the legislature should be allowed to do. And they have taken a reasonable approach. It's an approach taken by every other state in the union, with the exception of some isolated counties in Nevada. And they should be allowed to do their job. Justice Scalia, in his dissent in Lawrence, warned of just this case, didn't he? He did. Was he wrong? He also warned against – that it would extend to bestiality and incest. And yes, he was – in dissent, he was wrong. Okay. If the court has no further questions. I don't think we do. Thank you for your argument. Mr. Shurkin, your alluded friend mentioned an item which I'd like to ask you about. Your position would be that adult, consensual, private incest cannot be criminalized, correct? I think that that's a different issue. Well, it's a different issue, but it's a fundamental right. No, but I think that there is, even on heightened scrutiny, incest. There's reasons biologically and genetically to prevent that type of activity from going on, if there's a pregnancy that occurs. But it would have to be examined by heightened scrutiny. I agree. So therefore, the Seventh Circuit in Muth v. Frank and the California Court of Appeal in People v. McAvoy were wrong in applying rational review to incest of adults, private and consensually. I think that these matters of liberty are a step by step. That's another question, I believe. And I don't know whether, and I don't think that this is the case to answer that question. We have here voluntary individuals who want to engage in sexual activity. And clearly, I want to point one thing out before I forget, and I'll answer your question. On the trial level with wit, the judge used a rational basis evaluation. And that's what this Court said. It's more than that. It's a heightened scrutiny on the conduct. And so I would suggest that wit, I think, is somewhat... The conduct was never described. Well... It was the relationship that was described. It's still, but you've got, you have to, I believe it just makes common sense to infer that the people are having some type of physical relationship in addition to living together and just being partners. They were not partners. Because, and you do know that they did because you ultimately, at least upon the remand, there was evidence that she was involved in an adulterous relationship, which would have been, I think, cohabitating and participating in sexual activity is the common belief of cohabitation means, not just living together but in performing sexual acts together. The parties weren't married then? They were not. Well, one of the parties was married. At the time the relationship began, that Mrs. Wit or Lieutenant Wit or whatever... Major. She moved in with this other woman. She was married. Oh. And so they mentioned that on the remand about that. So I think that that's important. All the things that have been mentioned in rational basis about protecting women and about, you know, spreading disease and deterring, all that, that can happen, those same activities can still happen of women being raped in marital relationships. They can also be in a marital relationship where, you know, they're drugged. And all that can occur the same way. And there could be the spread of sexually transmitted diseases. And the only way to prevent all that is to just simply say that people are not allowed to engage in this activity and you won't have any problem or worry about that. So I submit to the Court that I believe that this matter should be reviewed under heightened scrutiny and not rational basis. Thank you. I have no further questions. All right. Thank you both for your argument in this matter. And this will stand submitted. And this Court will be in recess until tomorrow at 9 a.m. Thank you.
judges: Callahan, Bea, Restani